**DISTRICT COURT OF THE VIRGIN ISLANDS**
**DIVISION OF ST. THOMAS AND ST. JOHN**

|  |  |  |
|---|---|---|
| EXPORT SERVICE STRATEGIES, LLC; ALEXANDER NISSMAN; and MICHAEL NISSMAN, | ) ) ) ) ) | |
| Plaintiffs, | ) ) | Civil No. 2019-52 |
| v. | ) ) | |
| BLUE PROCUREMENT SERVICES, LLC; BLUE SANDCASTLE VILLAS, LLC; BLUE ANCHOR PROPERTY MANAGEMENT, LLC; INGRID WIDVEY; and ANTHONY CHALINE, | ) ) ) ) ) | |
| Defendants. | ) ) | |

ATTORNEYS:

**Maria Tankenson Hodge**
Hodge & Hodge
St. Thomas, U.S.V.I.
    *For Export Service Strategies, LLC; Alexander Nissman; and Michael Nissman,*

**Rosh D Alger**
St. Thomas, U.S.V.I.
    *For Blue Procurement Services, LLC; Blue Sandcastle Villas, LLC; Blue Anchor Property Management, LLC; Ingrid Widvey; and Anthony Chaline.*

**ORDER**

GÓMEZ, J.

    Export Service Strategies, LLC, Alexander Nissman, and Michael Nissman (collectively "Export Strategies") filed the instant complaint against Blue Procurement Services, LLC, Blue Sandcastle Villas, LLC, Blue Anchor Property Management, LLC, Ingrid Widvey, and Anthony Chaline (collectively "Blue

*Exp. Serv. Strategies, LLC, et al. v. Blue Procurement Services, LLC et al.*
Civ. No. 2019-52
Order
Page 2

Procurement"). In its complaint, Export Strategies alleged that it entered into a joint business venture agreement with Blue Procurement. Pursuant to the joint venture agreement, Export Strategies agreed to provide housing accommodations to clients of Blue Procurement in exchange for a share of the profits generated by the venture. At some time during this relationship, Blue Procurement failed to pay Export Strategies amounts owed pursuant to the joint venture agreement. Thereafter, Export Strategies sued Blue Procurement. Export Strategies alleged that Blue Procurement, among other things, committed fraud against Export Strategies. Export Strategies sough compensatory damages in the amount of $304,239.27. Export Strategies also sought punitive damages.

The parties have now presented to the Court a document captioned "Stipulation for Entry of Consent Judgment." That document is signed by counsel for all parties who have appeared in this matter--Export Service Strategies, LLC; Alexander Nissman; Michael Nissman; Blue Procurement Services, LLC; Blue Sandcastle Villas, LLC; Blue Anchor Property Management, LLC; Ingrid Widvey; and Anthony Chaline. In that document, the parties report that they have agreed to settle this matter on the terms set forth in an attached judgment. The document reveals that Export Strategies has compromised its claim for

*Exp. Serv. Strategies, LLC, et al. v. Blue Procurement Services, LLC et al.*
Civ. No. 2019-52
Order
Page 3

damages. Specifically, the parties agree that Export Strategies shall recover $241,093.49 from Blue Procurement. In addition to resolving this matter for an amount less than Export Strategies's claimed damages, the parties also agree that, if certain payment and other conditions are met each month, Blue Procurement may pay the agreed amount over a period of two years rather than immediately.

"Settlements are private contracts reflecting negotiated compromises." *In re Baby Prods. Antitrust Litig.*, 708 F.3d 163, 173 (3d Cir. 2013). Here, the terms set forth in the parties' filing establish that the parties have agreed to a settlement that resolves Export Strategies's claims against Blue Procurement. Once the parties reach a settlement agreement which resolves the plaintiff's claims against the defendant, there is no longer a case or controversy between the parties with respect to those claims. *See Bryan v. All Out Die Cutting, Inc.*, 32 F. App'x 651, 652 (3d Cir. 2002) ("Once the parties entered into a full release and settlement of all claims against the individual and corporate Defendants and the agreements were approved by the Bankruptcy Court, an actual case or controversy ceased to exist, and the District Court could not properly exercise jurisdiction over the matter."). At that time, the court may no longer

*Exp. Serv. Strategies, LLC, et al. v. Blue Procurement Services, LLC et al.*
Civ. No. 2019-52
Order
Page 4

exercise jurisdiction over the matter and may close the case.

*See id.*

In light of the settlement in this case, there is no case or controversy before the Court.[1]

The premises considered, it is hereby

**ORDERED** that this case is **DISMISSED;** it is further

**ORDERED** that the trial setting in this matter is **VACATED;** it is further

**ORDERED** that all pending motions are **MOOT;** and it is further

**ORDERED** that the Clerk of the Court shall **CLOSE** this case.

S\_____
        **Curtis V. Gómez**
        **District Judge**

---

[1] To the extent the parties suggest that the Court's entry of a judgment on the merits in this case is a required condition for a settlement to exist in this case, the Court is unaware of any authority supporting such a suggestion.